# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOREL ARGUILEZ,<br><br>                            Petitioner,<br><br>      v.<br><br>SCOTT KEMAN, Warden,<br><br>                            Respondent. | Civil No.    10cv0291 WQH (PCL)<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

## I.

## INTRODUCTION

Petitioner Dorel Arguilez ("Petitioner") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2001 conviction for burglary, attempted robbery, battery and criminal threats in San Diego Superior Court case number SCE 211708. (Doc. No. 6 at 1; Doc. No. 10 at 2.) On July 14, 2010, the undersigned ordered Respondent to serve a response to the Petition. (Doc. No. 7.) On September 24, 2010, Respondent filed a Motion to Dismiss the Petition, arguing that the Petition was filed beyond the statute of limitations. (Doc. No. 10.)

To date, Petitioner has not filed an opposition. Therefore, having reviewed the Motion and the underlying record, the Court concludes that Petitioner's habeas petition is untimely and recommends Respondent's Motion to Dismiss be GRANTED..

## II.

## BACKGROUND

A jury convicted Petitioner of three counts of residential burglary (Pen. Code, § § 459, 460), one count of attempted first degree robbery (§§ 211, 212.5 subdivision (a), 664), two counts of battery (§242), and one count of criminal threat (§422). (Lodgment 4 at 1.) The court found Petitioner had served three prior prison terms (§ §667.5, subd. (b); 668) and had two serious felony priors (§ §667, subd. (a)(1); 1192.7, subd. (c)), which constitute two strike priors (§ §667, subds. (b)-(i); 1170.12). (Id. at 1-2.) Based upon the present conviction and Petitioner's prior offenses, the trial court sentenced Petitioner to a total term of 86 years to life in prison, comprised of three consecutive terms of 25 years to life for each of the three burglary counts, two consecutive five-year terms for two serious felony priors, and an additional year for one of the three prison priors. (Id. at 2.)

Petitioner timely appealed and on February 19, 2003, the Court of Appeal, Fourth Appellate District, issued an unpublished opinion affirming the trial court's judgment. (Lodgment 4.) Petitioner filed a Petition for Review in the California Supreme Court on March 26, 2003 (Lodgment 5), which the California Supreme Court denied on April 30, 2003. (Lodgment 6.)

Thereafter, on May 7, 2004, Petitioner began his first round of habeas petitions in state court by claiming multiple violations of his due process rights at trial. (Lodgment 7 at 3-4.) The California Supreme Court denied that petition on March 23, 2005 citing In re Dixon (1953) 41 Cal.2d 756. (Lodgment 8.)[1]

More than three years later, Petitioner began a second round of habeas petitions by filing a petition in superior court on August 15, 2008. (Lodgment 9.) Petitioner alleged

> the trial judge violated federal law by applying his convictions and three separate convictions under the Three Strikes law when he served one concurrent sentence [] for the prior cases. Therefore, it should count as one prior conviction. Further, the waiver of Petitioner's rights during the plea hearings on the prior convictions was invalid and, therefore, he should be entitled to withdraw his pleas or have them stricken. He was never told the convictions were considered separate, even though he only served one concurrent sentence.

---

[1] A court's citation to In re Dixon indicates the issues raised in the petition for writ of habeas corpus could have been, but were not, raised on a timely appeal from the conviction and the petition is denied review on the merits. In re Dixon, 41 Cal.2d 756 (1953).

(Lodgment 10 at 2.) The Superior Court summarily denied the petition as untimely on September 5, 2008. (Lodgment 10 at 3.)

On September 23, 2008, following the denial of his untimely petition by the superior court, Petitioner filed a petition in the Court of Appeal. (Lodgment 11.) This petition set forth claims identical to those alleged in the previous petition filed in superior court. (Id. at 4-13.) The Court of Appeal denied this petition on October 10, 2008. (Lodgment 12.) Petitioner filed a petition for review in the California Supreme Court on October 20, 2008 (Lodgment 13), which was denied on April 1, 2009. (Lodgment 14.)

Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court on February 4, 2010. (Doc. No. 1.)[2]

### III.

### LEGAL STANDARD

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (LEXIS 2011).

---

[2] The court notes the operative Petition in this case is Petitioner's Second Amended Petition for Writ of Habeas Corpus. (Doc. No. 6.) The District Court dismissed Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) and First Amended Petition for Writ of Habeas Corpus (Doc. No. 4) for failure to name a proper respondent. (See Doc. Nos. 3; and 5.) However, because the court analyzes the filing date of the Petition for purposes of fulfilling the statute of limitations, the date of filing of the initial petition is relevant.

The statute of limitations, however, is subject to both statutory and equitable tolling. See 28 U.S.C. § 2244(d)(1); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997). Initially, it appears Petitioner does not contend his petition was timely filed. (Doc. No. 6 at 3.) Rather, petitioner argues he is actually innocent and is not subject to the statute of limitations bar. Therefore, the court will first analyze the timeliness of Petitioner's filing and will then address Petitioner's actual innocence claim.

### A. Timeliness of Petition for Writ of Habeas Corpus

Petitioner's direct appeal was denied by the California Supreme Court on April 30, 2003. (Lodgment No. 6.) Thus, including the ninety days within which Petitioner could have pursued his appeal in the Supreme Court of the United States by filing a petition for writ of certiorari, his conviction became final on July 30, 2003. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Absent any statutory or equitable tolling, Petitioner had until July 30, 2004 to file his federal habeas petition. 28 U.S.C. § 2244(d).

#### 1. Statutory Tolling

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . .is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner filed his first state habeas petition in the California Supreme Court on May 7, 2004. (Lodgment 7); see Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000). The California Supreme Court denied the petition on March 23, 2005. (Lodgment 8.) Thereafter, Petitioner filed a second state habeas petition in superior court on August 15, 2008; more than three years after the denial of his first state habeas petition. (See Lodgment 10.)

In California, Petitioners are entitled to statutory tolling for the period between the denial of a habeas petition and the filing of a new habeas petition *in a higher court* so long as the petition is timely. Evans v. Chavis, 546 U.S. 189, 192 (2006) (emphasis added). Here, Petitioner's two rounds of habeas petitions in state court were concluded on April 1, 2009. (Lodgment 14.)   Petitioner has not alleged he is entitled to statutory tolling until the end of the second round of habeas petitions in state court. However, the Court need not decide this issue because even if the Court credits Petitioner with the time Petitioner had a properly filed petition pending in state court, his petition is still not saved by statutory

1  tolling. Petitioner's first petition in state court was filed within the statute of limitations; on May 7,
2  2004. However, his second petition was filed more than three years after the denial of his first state
3  habeas petition.  During that period, no tolling can be applied because no state habeas petition was
4  "pending." See Evans, 546 U.S. at 198.  Thus, by the time Petitioner filed his second habeas corpus
5  petition in Superior Court in 2008, the statute of limitations for filing his federal habeas petition had run.
6  His federal petition can therefore only be timely if he is eligible for sufficient equitable tolling.

### 2. Equitable Tolling

The one-year limitation period of § 2244 is subject to equitable tolling where the petitioner has been diligent, and extraordinary circumstances, such as the egregious misconduct of counsel, have prevented the petitioner from filing a timely petition. Holland v. Florida, 130 S. Ct. 2549 (U.S. 2010), 177 L. Ed. 2d 130 (2010). The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling is reasonable diligence, not "maximum feasible diligence." Holland, 130 S.Ct. at 2565. Moreover, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)). The burden is on Petitioner to allege facts that would give rise to equitable tolling. Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).

Here, Petitioner has made no express claim of entitlement to equitable tolling. Petitioner was represented by counsel at the time he was convicted and through all stages of direct appeal. He was also apparently aware of the date his judgment became final in the state courts because he filed a timely petition for writ of habeas corpus in the California Supreme Court on May 4, 2004. (Lodgment 7.) Based on the record now before the Court, the Court sees no basis for a claim of equitable tolling.

### B.  Actual Innocence Claim

Finally, Petitioner claims he should be exempt from the statute of limitations under § 2244(d) because he is actually innocent of the underlying offense, relying on Bously v. United States, 523 U.S. 614 (1998), 118 S. Ct. 1604, 140 L. Ed. 2d 828; and Schlup v. Delo, 513 U.S. 298, 130 L. Ed. 2d 808, 115 S. Ct. 851 (1995). (Doc. No. 6 at 7.) In Schlup, the Supreme Court held that a habeas petitioner who

makes "a colorable showing of actual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s]" considered on the merits. Id. In Majoy v. Roe, 296 F.3d 770, 775-76 (9th Cir. 2002), the Ninth Circuit assumed that a sufficient Schlup showing might overcome the bar of the statute of limitations. However, in Lee v. Lampert, 610 F.3d 1125, 1136 (9th Cir. 2010), the Ninth Circuit joined four other circuits in holding that "there is no Schlup actual innocence exception to override AEDPA's statute of limitations." Lee, 610 F.3d at 1136. This Court is bound by that decision. Therefore, Petitioner's claim of actual innocence does not serve to exempt his Petition from the AEDPA statute of limitations.

## IV.

## CONCLUSION

For the reasons set forth above, the Court finds Petitioner is entitled to no statutory tolling during the applicable limitation period and he is not entitled to any equitable tolling. His Petition is therefore untimely and the Court recommends Respondent's Motion to Dismiss be GRANTED.

This Report and Recommendation is submitted to United States District Judge William Q. Hayes, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

Any written objections to this Report and Recommendation must be filed with the Court and a copy served on all parties on or before **March 21, 2011**. The document should be captioned "Objections to Report and Recommendation."

Any reply to the objections shall be served and filed on or before **April 11, 2011**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATE: February 28, 2011

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc:   The Honorable William Q. Hayes
      All Parties and Counsel of Record