1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

DOREL ARGUILEZ,

CASE NO. 10cv291 WQH (PCL)

12

Petitioner,

**ORDER**

vs.
13

THOMAS CARPENTER; SCOTT M.
KEMAN, Warden,
14

15

Respondents.

16

HAYES, Judge:
17

The matter before the Court is the Report and Recommendation ("R&R") (ECF No. 11)
18

of Magistrate Judge Peter C. Lewis, filed on February 28, 2011, recommending that this Court
19

dismiss the Petition for Writ of Habeas Corpus filed by Petitioner Dorel Arguilez.  (ECF No.
20

1)
21

## BACKGROUND
22

On September 28, 2001, Petitioner was convicted by a jury of three counts of residential
23

burglary in violation of California Penal Code sections 459 and 460; one count of attempted
24

first degree robbery in violation of California Penal Code sections 211, 212.5(a), and 664; two
25

counts of battery in violation of California Penal Code section 242; and one count of criminal
26

threat in violation of California Penal Code section 422.  Petitioner was sentenced to 86 years
27

in prison.
28

Petitioner appealed his conviction to the California Court of Appeal.  On February 19,

2003, the appeal was denied.  On March 26, 2003, Petitioner filed a petition for review in the California Supreme Court.  On April 30, 2003, the petition for review was denied.

On May 7, 2004, Petitioner filed a petition for writ of habeas corpus.  On March 25, 2005, the California Supreme Court denied Petitioner's petition for writ of habeas corpus.

On August 15, 2008 Petitioner filed a petition for writ of habeas corpus in the Superior Court of California.  On September 5, 2008, the petition for writ of habeas corpus was denied.

On September 23, 2008, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal.  On October 10, 2008, the petition for writ of habeas corpus was denied.

On October 20, 2008, Petitioner filed a petition for review in the California Supreme Court.  On April 1, 2009, the petition for review was denied.

On February 4, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in this Court.  On April 23, 2010, Petitioner filed a First Amended Petition for Writ of Habeas Corpus.  On June 24, 2010, Petitioner filed the Second Amended Petition for Writ of Habeas Corpus pending before this Court.

On July 27, 2010, Respondent filed a Motion to Dismiss the Second Amended Petition for Writ of Habeas Corpus and a Notice of Lodgment.  (ECF No. 10).  Respondent contends that the Petition is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).  The docket reflects that Petitioner did not respond to the Motion to Dismiss.

On February 28, 2011, the Magistrate Judge issued the Report and Recommendation recommending that Motion to Dismiss Second Amended Petition for Writ of Habeas Corpus be granted on the grounds that the Petition is barred by the statute of limitations.  (ECF No. 11).

On March 18, 2011, service of the Report and Recommendation on Petitioner was returned as undeliverable containing the statement: "[return to sender] no such person." (ECF No. 12).  The Report and Recommendation had been sent to the address Petitioner listed as his address on his Second Amended Petition.  The docket does not contain a notice of change of

1   address filed by Petitioner.

2                               **STANDARD OF REVIEW**

3        The duties of the district court in connection with a magistrate judge's report and

4   recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C.

5   § 636(b)(1).  The district court must "make a *de novo* determination of those portions of the

6   report ... to which objection is made," and "may accept, reject, or modify, in whole or in part,

7   the findings or recommendations made by the magistrate."  28 U.S.C. §636(b)(1); *see also*

8   *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

9                                   **DISCUSSION**

10       Although Petitioner has not objected to the Report and Recommendation, the Court

11   reviews the Petition and the Report and Recommendation *de novo*.

12       The Magistrate Judge correctly found that the Antiterrorism and Effective Death Penalty

13   Act of 1996 imposes a one-year statute of limitations on federal petitions for writ of habeas

14   corpus filed by state prisoners.  *See* 28 U.S.C. § 2244(d).  The Magistrate Judge correctly

15   found that Petitioner's sentence became final on July 30, 2003, 90 days after Petitioner could

16   have filed a petition for writ of certiori in the United States Supreme Court.  The Magistrate

17   Judge correctly found that Petitioner is not entitled to sufficient statutory tolling to render his

18   Petition timely. The Magistrate Judge correctly found that Petitioner is not entitled to equitable

19   tolling.  The Magistrate Judge correctly found that there is no exception to AEDPA's statute

20   of limitations based on Petitioner's claim of actual innocence.  The Magistrate Judge correctly

21   found that the Petition is barred by the statute of limitations.

22       After *de novo* review of the Petition, the record and the submissions of the parties, the

23   Court finds that the Petition for Writ of Habeas Corpus is denied on the grounds that it is

24   barred by the statute of limitations.

25                         **CERTIFICATE OF APPEALABILITY**

26       A certificate of appealability must be obtained by a petitioner in order to pursue an

27   appeal from a final order in a Section 2254 habeas corpus proceeding.  *See* 28 U.S.C. §

28   2253(c)(1)(A); Fed. R. App. P. 22(b).  Pursuant to Rule 11 of the Federal Rules Governing

1  Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when

2  it enters a final order adverse to the applicant."

3      A certificate of appealability may issue "only if the applicant has made a substantial

4  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  It must appear that

5  reasonable jurists could find the district court's assessment of the petitioner's constitutional

6  claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court

7  concludes that jurists of reason could not find it debatable whether this Court was correct in

8  denying the Petition.  The Court denies a certificate of appealability.

9                          **CONCLUSION**

10      IT IS HEREBY ORDERED that the Court ADOPTS the Report and Recommendation

11  (ECF No. 11) in its entirety and the Motion to Dismiss (ECF No. 10) is GRANTED.  The

12  Clerk of the Court shall enter judgment dismissing the Petition for Writ of Habeas Corpus

13  (ECF No. 6) for failure to file this action within the statute of limitations.

14  DATED:  June 24, 2011

15                                    _William Q. Hayes_

16                          **WILLIAM Q. HAYES**
                            United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28